UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

CHARMAINE MIESHA BROWN,

Defendant.

Criminal Action No. 22-0164-TDC

**MEMORANDUM ORDER**

Defendant Charmaine Brown, a federal prisoner at the Federal Correctional Institution Aliceville ("FCI-Aliceville") in Aliceville, Alabama, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as well as related motions and filings providing additional information in support of the Motion or seeking an immediate ruling on the Motion. ECF Nos. 256, 259, 260, 261, 267, 268. Two of these filings are also referred to as a Petition for a Writ of Habeas Corpus, ECF No. 259, 261, and one is also referred to as a Motion for Summary Judgment, ECF No. 267. Upon consideration of these filings, the Court construes them collectively as a Motion for Compassionate Release.

On April 24, 2024, Brown was convicted after a jury trial of conspiracy to commit passport fraud, in violation of 18 U.S.C. § 371; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; bankruptcy fraud, in violation of 18 U.S.C. § 157(1); and making a false statement in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(3). On July 24, 2024, the Court sentenced Brown to a total term of imprisonment of 30 months. With projected credit for pretrial detention and projected good time credits, Brown is currently scheduled to be released on July 7, 2026.

Upon receiving the Motion for Compassionate Release, the Court forwarded it the Office of the Federal Defender for the District of Maryland ("OFD") and requested notification of whether the OFD would seek to enter an appearance on behalf of Mason and submit additional briefing. The OFD has declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule is subject to certain exceptions, including the compassionate release provision, which allows prisoners to seek a sentence reduction directly from the Court:

(1) in any case that—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction;

        \* \* \*

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). Brown asserts that she made a request to the Warden of her prison for compassionate release or a sentence reduction but did not receive a response, and more than 30 days have now elapsed since that request was made. The requirement to exhaust administrative remedies thus appears to have been satisfied.

2

I.  **Extraordinary and Compelling Reasons**

In her Motion, Brown seeks release or a sentence reduction based primarily on (1) her family circumstances; (2) her health conditions; and (3) alleged mistreatment and adverse conditions of confinement.

As to family circumstances, Brown states that she has an adult daughter with special needs who was in "extreme crisis" because she was not taking her medications. Mot. at 1, ECF No. 256. Brown's sister, Patricia Bellamy, notified Brown that this daughter had been arrested in January 2025 after assaulting a caregiver. She also asserts that she has other children who are in foster care, and her husband and co-defendant, Andrews Oduro Brown, was in deportation proceedings and has now been deported. Under the policy statement in the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), which by statute must be considered, family circumstances such as the "death or incapacitation of the caregiver of the defendant's minor child," or of the caregiver of an adult child "incapable of self-care because of a mental or physical disability or a medical condition," could constitute an extraordinary or compelling reason. U.S.S.G. § 1B1.13(b)(3)(A), (C), Here, while Brown has described significant challenges faced by her children since her imprisonment, she has not described the circumstances contemplated by the policy statement, as she has acknowledged that her adult daughter has a designated caregiver and that Brown's sister was receiving information about her circumstances, that four of her children are living with relatives in Harrisburg, Pennsylvania, and that her two other children are in foster care and have not yet been sent to live with their father in Ghana because her consent is required, but she does not explain why she has not been able to provide such consent. While these circumstances may be "similar to those" described above, and thus could still constitute an extraordinary or compelling reason pursuant to U.S.S.G. § 1B1.13(b)(3)(D), at the time of sentencing, the Court was already

aware of, and granted a downward variance because of, the fact that Brown was the primary caregiver to her adult daughter with special needs and her minor children. The Court was also fully aware that Oduro Brown was either in prison for his role in the same crime and would likely be deported. The Court therefore already considered these family circumstances in determining Brown's sentence and does not find Brown's present assertions to establish an extraordinary and compelling reason warranting release or a sentence reduction.

As for Brown's reference to her health conditions, a review of her allegations and the medical records she has submitted reflects that she has not demonstrated that she is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," the two forms of medical circumstances referenced by Brown that could constitute an extraordinary or compelling reason. U.S.S.G. § 1B1.13(b)(1)(B), (C).

Brown also generally asserts that she has been subjected to either sexual abuse or physical abuse resulting in serious bodily injury, U.S.S.G. § 1B1.13(b)(4), but the only additional facts submitted in supported of this claim is a report in which she generally alleges that she has suffered anguish and trauma from seeing and hearing others being subjected to sexual abuse and, arguably, having been personally subjected to harassing comments. She therefore has not specifically alleged, and has not provided sufficient facts to support the conclusion, that she was a victim of the kind of abuse addressed in this part of the policy statement.

Finally, while the policy statement provides that an extraordinary and compelling reason need not necessarily fall within the reasons specifically enumerated in the policy statement if the defendant has identified circumstances that, individually or collectively, are "similar in gravity," see U.S.S.G. § 1B1.13(b)(5), the Court concludes that Brown has not done so. Brown also alleges that she has been treated unfairly based on her religion, that she has not had sufficient access to legal materials, and that she has not been treated fairly in disciplinary proceedings. These claims are not sufficient to constitute extraordinary and compelling reasons warranting release from prison, particularly where these claims relate to conditions at prisons at which she is no longer confined: Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia and Federal Prison Camp Alderson in Alderson, West Virginia.

The Court therefore finds that Brown has not established extraordinary and compelling reasons for compassionate release.

## II.     18 U.S.C. § 3553(a)

Even if the Court were to find that Brown has established an extraordinary and compelling reason, before granting release or a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). Here, the nature and circumstances of this offense were very serious in that Brown engaged in three separate fraud schemes, consisting of schemes involving passport fraud, wire fraud relating to childcare subsidies, and fraud relating to a bankruptcy claim. Collectively, these schemes showed that Brown and her co-defendant were willing to lie, cheat, and steal in whatever ways they could in order to advance their own personal interests. The fraud against a childcare subsidy program, which likely deprived deserving families of needed financial support, was particularly egregious. The Court thus maintains that the original sentence was the appropriate sentence to reflect the seriousness of the offense. As for the history and characteristics of the

defendant, although Brown does have significant family responsibilities, the Court already granted a downward variance in recognition of that issue. Notably, the Court finds that a reduced sentence would not meet other purposes of sentencing, including promoting respect for the law, providing just punishment, and providing adequate deterrence, because in her filings on this Motion, Brown continues to deny full responsibility for her actions. She continues to blame the prosecutors and her defense counsel, she continues to maintain that the fraud was justified by an unsubstantiated claim that human traffickers effectively made her engage in the crime, and she states that, as a result, she "would . . . do it again." Supp. Mot. at 6, ECF No. 268. Thus, upon consideration of the § 3553(a) factors, even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested release or sentence reduction. The Motion for Compassionate Release will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Brown's Motion for Compassionate Release, ECF Nos. 256, 259, 260, 261, 267, 268, is DENIED.

2. Brown's Motion for a Status Request, ECF No. 262, is DISMISSED AS MOOT.

Date: October 24, 2025

THEODORE D. CHUANG
United States District Judge